

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John C. Marburger
County Attorney
Fayette County
La Grange, Texas

Dear Sir:

Opinion No. O-3306
Re: Is there a violation of
the Nepotism Law in the
purchase of insurance
on the county buildings
by a commissioners' court
from an agent whose wife
is a deputy county district
clerk?

Your request for an opinion dated March 19, 1941, has been received by this department and considered. We quote from your request:

"Please give me your opinion on the following question immediately:

"'May the Commissioners Court legally purchase insurance on the public buildings, etc. of the county from an insurance agent whose wife happens to be the deputy County Clerk of the county?'

"There seems to be some contention that the Commissioners Court would not be authorized to purchase this insurance from this insurance man, since his wife is a deputy County Clerk and receives her pay as such.

"It seems to me that there is no prohibition of any kind which would prevent the purchase of such insurance from this insurance salesman. It certainly is not a violation of the provision of our Nepotism law (Articles 432-438 P. C.), nor any other statutory law

or judicial ruling of this state. I have
been unable to find any direct authorities
on this point, but it is my opinion that
the Commissioners Court could legally pur-
chase insurance for buildings and property
belonging to the county even though the
wife of such insurance salesman is a deputy
County Clerk."

Article 432, Penal Code of Texas, reads as follows:

"No officer of this State or any of-
ficer of any district, county, city, pre-
cinct, school district, or other municipal
subdivision of this State, or any officer
or member of any State, district, county,
city, school district or other municipal
board, or judge of any court, created by
or under authority of any general or special
law of this State, or any member of the Leg-
islature, shall appoint, or vote for, or
confirm the appointment to any office, posi-
tion, clerkship, employment or duty, of any
person related within the second degree by
affinity or within the third degree by con-
sanguinity to the person so appointing or
so voting, or to any other member of any
such board, the Legislature, or court of
which such person so appointing or voting
may be a member, when the salary, fees, or
compensation of such appointee is to be paid
for, directly or indirectly, out of or from
public funds or fees of office of any kind
or character whatsoever."

From the facts given in your request, we are of the
opinion that the agent and the members of the commissioners'
court are not prohibited by the terms of the Nepotism Law of
the State of Texas from entering into a contract for the pur-
chase of insurance to cover county buildings. Neither do we
think that there is any prohibition under the Nepotism Law
that the wife of the agent is a deputy county clerk of the
county.

We trust that we have fully answered your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Harold McCracken*

Harold McCracken
Assistant

HM:RS

APPROVED MAR 28, 1941

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY *BWT*
CHAIRMAN